State v. Roberts

STATE OF NORTH CAROLINA v. BONNIE CUTSHALL ROBERTS

No. 8028SC704

(Filed 3 February 1981)

**Constitutional Law § 35— waiver of constitutional rights — conclusiveness of trial court's findings**

There was no merit to defendant's contention that the trial court improperly concluded that defendant knowingly, intelligently, freely and voluntarily waived each of her constitutional rights, since there was competent evidence to support the trial judge's findings that defendant had been advised of her constitutional rights, that she understood those rights, and that she executed a written waiver of those rights.

APPEAL by defendant from *Allen, Judge.* Judgment entered 22 February 1980 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals on 4 December 1980.

Defendant was charged in a proper bill of indictment with the

first degree murder of her husband, Willis Albert Roberts, on 24 October 1979. Defendant pleaded not guilty, and the jury found defendant guilty of second degree murder. From a judgment imposing a prison sentence of "not less than ten (10) years nor more than twenty-five (25) years," defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Riddle, Shackelford, and Hyler, by George B. Hyler, Jr. and Robert W. Clark, for the defendant appellant.*

HEDRICK, Judge.

Defendant's first assignment of error is set out in the record as follows:

> That the Court improperly concluded as a matter of law that the constitutional waivers executed by the Defendant were made freely, voluntarily, understandingly and that the Defendant knowingly, intelligently, freely and voluntarily waived each of her constitutional rights.

The record before us indicates that when the State offered into evidence certain statements made by defendant to various law enforcement officials, defendant objected, and the court conducted a *voir dire* to determine the admissibility of such statements. The *voir dire* proceeding, including the testimony, covers sixty-four pages in this record. At the conclusion of the *voir dire*, the trial judge made detailed and extensive findings of fact with respect to each statement, and concluded that such statements were "made freely, voluntarily and understandingly;" that defendant had "full understanding of her Constitutional right to remain silent, right to counsel, and all other rights"; and that defendant "knowingly, freely and intelligently and voluntarily waived each of these rights and thereupon made the statement[s] . . . ."Where the court finds that the defendant made the statement understandingly and voluntarily after he had been fully advised of his constitutional rights and had freely, knowingly, and voluntarily waived those rights, and such a finding is supported by competent evidence, the finding is conclusive and will not be disturbed on appeal. *State v. Joyner*, 295 N.C. 55, 243 S.E.2d 367 (1978); *State v. Hoskins*, 42 N.C. App. 108, 256 S.E.2d 290, *disc. rev. denied*, 298 N.C. 302, 259 S.E.2d 916 (1979); *State v. McNeill*, 33 N.C. App. 317, 235 S.E.2d 274 (1977). In

State v. Roberts

the present case, the trial judge found as a fact that defendant had been advised of her constitutional rights, that she understood those rights, and that she executed a written waiver of those rights. All the critical findings made by the trial judge are amply supported by competent evidence in the record, and the findings in turn support the order permitting the admission of the statements into evidence.

We point out that none of the evidence adduced at the trial before the jury is set out in the record. The statements challenged by this assignment of error are not reproduced anywhere in the record. Indeed, the record contains none of the evidence that was submitted to the jury. Assuming *arguendo* that the trial judge erred in admitting certain statements made by defendant to law enforcement officials, defendant, by her failure to set out the evidence adduced at trial in the record, has made it impossible for us to find that such error was prejudicial. This assignment of error has no merit.

By her third assignment of error, defendant contends that the court erred in failing to declare and explain the law arising on the evidence. More specifically, defendant argues that "the court failed to properly apply the law to the various factual situations presented by the conflicting evidence." Since, as pointed out above, the evidence is not reproduced in the record, we are unable to evaluate this assignment of error. *See also State v. Allen*, 283 N.C. 354, 196 S.E.2d 256 (1973). Defendant has failed to show any prejudicial error.

We have examined defendant's remaining assignment of error relating to the exclusion of evidence on *voir dire* and find it to be without merit.

We hold defendant had a fair trial free from prejudicial error.

No error.

Judges CLARK and WHICHARD concur.